# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 12-313 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| RICHARD E. MORAN, D.O., et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that:

- The motion to dismiss filed by Defendant Judge William Morgan [ECF No. 25] be granted;

- The motion to dismiss filed by Defendant Snavely [ECF No. 27] be granted;

- The motion to dismiss filed by Defendant Hatheway [ECF No. 29] be granted;

- The motion to dismiss filed by Defendant Dr. Richard Moran [ECF No. 32] be granted.

It is further recommended that Plaintiff's motion for leave to amend [ECF No. 31][1] and Plaintiff's motion for leave to file Second Amended Complaint [ECF No. 34] be denied as futile.

The Clerk of Courts should be directed to close this case.

---

[1] No proposed amended complaint is attached to this motion for leave to amend.

1

## II. REPORT

### A. Relevant Procedural History

This case, originally filed by Plaintiff in the Crawford County Court of Common Pleas, was removed to this federal district court by Defendant Joel Snavely on December 18, 2012. Plaintiff generally asserts claims for violations of his constitutional rights. Named as Defendants to this action are: Richard E. Moran, D.O.; Joel Snavely, Esquire; Edward Hatheway, Esquire; and the Honorable William Morgan of the Crawford County Court of Common Pleas.

In response to the Original Complaint, each Defendant[2] filed a motion to dismiss. See ECF Nos. 5, 10, 14, and 17. Thereafter, Plaintiff filed the First Amended Complaint (ECF No. 24) and each Defendant filed a motion to dismiss the First Amended Complaint (see ECF Nos. 25, 27, 29, and 32).

In the First Amended Complaint, the operative complaint at this stage of the litigation[3], Plaintiff raises the following claims:

> Count I – Retaliation against Hatheway
>
> Count II – Retaliation against Snavely and Moran
>
> Count III – Conspiracy against all 4 Defendants
>
> Count IV – Conspiracy against all 4 Defendants
>
> Count V – Tortious Interference against Snavely, Moran, Hatheway

---

[2] Each Defendant is represented separately.

[3] It is well settled that "an amended complaint supersedes the original version" and renders the original pleading ineffective. Atwell v. Lavan, 2005 WL 2234676, * 1 (M.D. Pa. Sept. 14, 2005). See also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) (recognizing that an "amended complaint supersedes the original version"); New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996) (an amended complaint generally supersedes -- or takes the place of -- the previously filed complaint); 6 Wright, et al., Federal Practice and Procedure, § 1476 (3d ed. 1998).

ECF No. 24. Plaintiff filed motions for leave to further amend in order to more properly state his conspiracy claims. See ECF Nos. 31, 34.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

3

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

4

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Plaintiff's Allegations

Plaintiff claims that this lawsuit arises out of another lawsuit currently pending in the Crawford County Court of Common Pleas at 889-2010. Plaintiff claims that all actions by Defendants were allegedly taken in retaliation for Plaintiff's refusal to withdraw first lawsuit. ECF No. 24.

Dr. Richard Moran was the defendant in the underlying medical negligence case filed in the Court of Common Pleas, Attorney Joel Snavely served as Dr. Moran's counsel, and Judge Morgan was the judge assigned to the case. Attorney Hatheway was appointed counsel representing Plaintiff in the PCRA of his criminal conviction.

Plaintiff alleges that he filed suit against Dr. Moran "in a retaliation case for discontinuing Plaintiff's diabetic insulin and pain medications for filing a grievance." Id. at ¶ 7. In his legal representation of Dr. Moran, Attorney Snavely undertook a "systematic scheme to

5

harass and intimidate Plaintiff into dropping his lawsuit." Id. at ¶ 11. Attorney Snavely allegedly persuaded Attorney Hatheway to provide substandard legal representation[4] in the PCRA case. Plaintiff also alleges that Attorney Snavely persuaded Attorney Hatheway to argue that dropping Plaintiff's retaliation suit against Dr. Moran would help Plaintiff's pending PCRA petition. Judge Morgan allegedly "acquiesced in and condoned: the acts of Moran, Snavely and Hatheway. Beyond these constitutional claims, Plaintiff advances a claim of "tortious interference when trying to force Plaintiff to withdraw his lawsuit by using threats, and plotted [sic] acts of (1) filing a (grossly underdeveloped) appellate brief, (2) having Plaintiff's legal materials and medical records confiscated, and (3) obtaining an [sic] continuance for a year on a Sunday." Id. at ¶ 52(b).

### D. Judicial Immunity

The actions of Judge Morgan are insulated from liability by judicial immunity. Judicial immunity is "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial officers, such as Judge Morgan of the Court of Common Pleas, are immune from damages suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D.Pa., 2005) (applying judicial immunity to "district justice"). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356. See also Benn v. First Judicial District, 426 F.3d 233 (3d Cir. 2005) (applying Eleventh Amendment immunity to courts). See also Seigert v. Gilley, 500 U.S. 226, 231 (1991) ("One of

---

[4] To the extent that Plaintiff may be attempting to set forth either a legal malpractice or an ineffective assistance of counsel claim against Attorney Hatheway, such claims are not proper § 1983 claims. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (petition for writ of habeas corpus proper for ineffective assistance of counsel claim); Shaw v. Stackhouse, 920 F.2d 1135 (3d Cir. 1990) (§ 1983 is designed to address Constitutional deprivations, not torts).

the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial."). A judge is immune even if the acts were committed during an alleged conspiracy. Dennis v. Sparks, 449 U.S. 24 (1980).

Judicial immunity may only be overcome in limited circumstances when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. Plaintiff's factual allegations are devoted solely to the judicial actions of Judge Morgan and nothing in Plaintiff's First Amended Complaint can be interpreted as an allegation that the judge acted outside of his judicial functions or in the clear absence of jurisdiction. Even if these rulings were in error or in excess of authority, there is no plausible allegation that they were undertaken without appropriate jurisdiction. Accordingly, Defendant Morgan should be dismissed from this action.

Plaintiff has twice attempted to amend his original complaint. Neither the First Amended Complaint nor the proposed Second Amended Complaint contain any allegations which overcome the judicial immunity to which Defendant Morgan is entitled, and so any further attempt to amend the complaint as to Judge Morgan should be denied as futile. See F.R.Civ.P. 15(a)(2) (stating that "the court should freely give leave when justice so requires."); Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason--such as […] futility of amendment ….-- the leave sought should, as the rules require, be freely given.").

### E. State Actor Requirement – § 1983

As an initial matter, in order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Generally, anyone whose conduct is "fairly attributable to the state" can be sued as a state actor under § 1983. Filarsky v. Delia, ___ U.S. ___, ___, 132 S.Ct. 1657, 1661 (April 17, 2012) citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

#### 1) Moran and Snavely

Dr. Moran is a private citizen who was sued by Johnson in the Crawford County Court of Common Pleas. Moran obtained counsel (Attorney Snavely) to defend him in that civil action. "Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Cirri v. Muroski, ___ F.3d ___, ___, 2013 WL 2897868, at *4 (3d Cir. June 13, 2013) quoting Harvey v. Plains Twp. Police Dept., 635 F.3d 606, 609 (3d Cir. 2011).[5] A private citizen, such as Dr. Moran, is not a state actor under § 1983, and private attorneys, such as Defendant Snavely, acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 787 F.Supp. 471, 475 (E.D. Pa. 1992) (attorneys are not state actors by virtue of status as officers of the court); Steward v. Meeker, 459 F.2d 669, 670 (3d Cir. 1972) (per curiam) (holding that private counsel does not act under color of state law). Moreover, the proposed Second Amended Complaint does not contain any allegations that overcome the state actor requirement as to these

---

[5] Although the Supreme Court has established a number of approaches to the question of when a private person acts under color of state law, none of those are applicable to Dr. Moran's situation here. See generally Crissman v. Dover Downs Entertainment, Inc., 289 F.3d 231, 239 (3d Cir. 2002).

8

two Defendants and any further attempt to amend the complaint in this regard should be denied as futile. See F.R.Civ.P. 15(a)(2).

### 2) Hatheway

Attorney Hatheway was appointed by the Crawford County Court of Common Pleas to represent Plaintiff in a PCRA petition collaterally attacking his criminal conviction and sentence, and as such, Attorney Hatheway was acting as an assistant public defender. The Supreme Court has held that public defenders are not state actors when they are "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" (Polk County v. Dodson, 454 U.S. 312, 325 (1991); see also Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999)). Nonetheless, "public defenders are not immune from § 1983 liability when they conspire with state officials to deprive their client of federal rights." Figueroa v. Clark, 810 F.Supp. 613, 616 (E.D. Pa. 1992); Tower v. Glover, 467 U.S. 914 (1984).

In this case, even Plaintiff's conspiracy allegations fail. As a general matter, § 1983 claims need not be pled with any greater particularity than any other claims (see Fed.R.Civ.P. 8), but conspiracy claims must be pled with sufficient particularity to provide the defendants with fair notice of the claims against them. Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 986 (E.D. Pa. 1994). As the Tenth Circuit has explained:

> When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action ... The pleadings standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as is the state court judge and prosecutor in the instant case.

Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.), cert. denied, 513 U.S. 832 (1994). As pled, there is nothing in the First Amended Complaint beyond bald assertions of a conspiracy to factually support the elements of a conspiracy claim.[6] See Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del.) quoting Phillips, 515 F.3d at 231 (at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief."). The motion to dismiss should be granted.

Furthermore, there is nothing in the Proposed Second Amended Complaint which saves Plaintiff's claims against Attorney Hatheway from dismissal. Allowing any further amendment would be futile. Plaintiff's conclusory allegations do not present "any facts tending to show agreement [or] concerted action" between Hatheway and others to support the alleged conspiracy. Instead, Plaintiff claims are based upon an unsuccessful outcome in his PCRA, which he blames on a conspiracy against him by persons involved in his case. Pleading a conspiracy requires more than mere semantics or supposition. Plaintiff's allegations are insufficient to state a conspiracy claim against Hatheway and therefore the proposed Second Amended Complaint should be denied as futile.

### F. § 1985 and § 1986 Claims

Plaintiff has failed to state a claim under 42 U.S.C. § 1985 as he does not allege that

---

[6] In order to sufficiently allege a claim of a civil rights conspiracy, the complaint must specifically set forth: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. See Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990) citing Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). The allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (affirming dismissal of conspiracy claims based upon mere suspicion and speculation). Here, Plaintiff has made a foundationless allegation of conspiracy without setting forth any facts regarding the specifics as to conduct, time, or place which constituted the conspiracy.

Defendants entered into a conspiracy motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" (Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006)) or that any of Defendants knew of the "wrongs conspired to be done … [and] neglect[ed] or refus[ed] to prevent" the wrongs (42 U.S.C. § 1986).

Accordingly, the motions to dismiss should be granted in this regard.

### G. Tortious Interference Claim

As all of the federal claims against these Defendants should be dismissed, this Court should decline to exercise supplemental jurisdiction over the state law claim of tortious interference at Count V. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("That power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent [or supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right.... Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

- The motion to dismiss filed by Defendant Judge William Morgan [ECF No. 25] be granted;
- The motion to dismiss filed by Defendant Snavely [ECF No. 27] be granted;
- The motion to dismiss filed by Defendant Hatheway [ECF No. 29] be granted;
- The motion to dismiss filed by Defendant Dr. Richard Moran [ECF No. 32] be granted.

It is further recommended that Plaintiff's motion for leave to amend [ECF No. 31] and Plaintiff's motion for leave to file Second Amended Complaint [ECF No. 34] be denied as futile.

The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 24, 2013